# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL   NO.   W-18-CR-187-ADA** |
| | § | |
| **JOHN RUSSELL LIGHTNER** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant

to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States

District Court for the Western District of Texas, Local Rules for the Assignment of Duties to

United States Magistrate Judges. Before the Court is the petition of the United States Probation

Office recommending the revocation of the Defendant's term of supervision. The district judge

referred the matter to the undersigned for the preparation of a report and recommendation.

## I.  PROCEDURAL BACKGROUND

The Defendant was found guilty of Count 1: 18 U.S.C. § 2113(a), Bank Robbery; Count

2: 18 U.S.C. § 2113(a), Bank Robbery. The Court sentenced the Defendant to seventy-two

months of imprisonment and a three-year term of supervised release. Special conditions ordered

include participation in mental health treatment, submission to searches, providing the probation

officer with access to any financial information requested, paying a fine balance of $975 in U.S

District Court Cause Number 6:12-CR-267, a $200 special assessment; a $2,000 fine, and $9,351

1

in restitution. On March 12, 2024, the Defendant was released to his term of supervision. On

October 18, 2024, the United States Probation Office filed a Petition for Warrant or Summons

for Offender Under Supervision, alleging the Defendant violated the terms of his release and

seeking a show-cause hearing as to why the Defendant's supervised release should not be

revoked. The petition alleges the Defendant violated the terms of his release in the following

instances:

> **Violation Number 1:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely Cocaine and Marijuana.

> **Violation Number 2:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely cocaine.

> **Violation Number 3:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely cocaine.

> **Violation Number 4:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely cocaine.

## II.  FINDINGS OF THE COURT

At the hearing, the Defendant pleaded true to the violations. The government presented

evidence that would support a finding of true, by a preponderance of the evidence, as to the

violations.

1.    The Defendant violated the conditions of his supervision as alleged in the petition.

2.    The Defendant was competent to make the decision to enter a plea to the allegations.

3.    The Defendant had both a factual and rational understanding of the proceedings against

     him.

2

4.      The Defendant did not suffer from any physical or mental impairment that would affect

his ability to fully understand the charges against him or the consequences of his plea.

5.      The Defendant has not had any injury that would affect his judgment in entering a plea or

that would affect his understanding of the basis, consequences, or effect of his plea.

6.      The Defendant was sane and mentally competent to stand trial for these proceedings.

7.      The Defendant was sane and mentally competent to assist his attorney in the preparation

and conduct of his defense.

8.      The Defendant received a copy of the petition naming him, and he either read it or had it

read to him.

9.      The Defendant understood the petition and the charges alleged against him and had the

opportunity to discuss the petition and charges with his attorney.

10.     The Defendant understood that he had the right to present evidence and to cross-examine

witnesses at the hearing.

11.     The Defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12.     The Defendant understood his statutory and constitutional rights and desired to waive

them.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by

the parties and **RECOMMENDS** that the Defendant's supervised release be revoked and in lieu

of incarceration that the Defendant be sentenced to a period of seven (7) months home detention

with the continuation of the remaining term of supervised release and original conditions re-

imposed. The Defendant will attend and participate in inpatient treatment for a minimum period

of thirty (30) days and continue any treatment thereafter as directed/recommended by the

Counselor and an aftercare program as designed by the United States Probation Department.

Drug Offender conditions ordered. Defendant is permitted to leave solely for the purposes of

work and treatment, all previously approved by the USPO. The Defendant shall participate in the

Location Monitoring Program for a term of seven (7) months, which will include remote location

monitoring using Active Global Positioning Satellite (GPS) tracking. The Defendant shall abide

by the rules and regulations of the Participant Agreement Form. During this time, the Defendant

shall remain at the place of residence except for employment and other activities approved in

advance by the probation officer. The Defendant shall maintain a telephone at the place of

residence without caller ID, call forwarding, call waiting, call back/call block, a modem or a

portable cordless telephone for the above period as instructed by the probation officer. At the

instruction of the probation officer, the Defendant shall wear a transmitter and be required to

carry a tracking device. The Defendant shall pay for the costs of the program if financially able.

The Defendant shall be subjected to active Global Positioning System (GPS) monitoring for a

term of seven (7) months, which shall be utilized for purposes verifying compliance with any

court-imposed condition of supervised release in this case. The Defendant shall pay for the costs

of the program if financially able.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing

objections must specifically identify those findings or recommendations to which objections are

being made. The district court need not consider frivolous, conclusive, or general objections. *See*

*Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED this 15th day of November 2024.**

**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**