IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. W-18-CR-187-ADA |
| | § | |
| JOHN RUSSELL LIGHTNER | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
         UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.   PROCEDURAL BACKGROUND**

The Defendant was found guilty of Count 1: 18 U.S.C. § 2113(a), Bank Robbery; Count 2: 18 U.S.C. § 2113(a), Bank Robbery. The Court sentenced the Defendant to seventy-two months of imprisonment and a three-year term of supervised release. Special conditions ordered include participation in mental health treatment, submission to searches, providing the probation officer with access to any financial information requested, paying a fine balance of $975 in U.S District Court Cause Number 6:12-CR-267, a $200 special assessment; a $2,000 fine, and $9,351

1

in restitution. On March 12, 2024, the Defendant was released to his term of supervision. On October 18, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his release and seeking a show-cause hearing as to why the Defendant's supervised release should not be revoked. The petition alleges the Defendant violated the terms of his release in the following instances:

> **Violation Number 1:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely Cocaine and Marijuana.
>
> **Violation Number 2:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely cocaine.
>
> **Violation Number 3:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely cocaine.
>
> **Violation Number 4:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely cocaine.

## II. FINDINGS OF THE COURT

At the hearing, the Defendant pleaded true to the violations. The government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violations.

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea to the allegations.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The Defendant understood his statutory and constitutional rights and desired to waive them.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be continued and in lieu of incarceration that the Defendant be sentenced to a period of seven (7) months home detention with the continuation of the remaining term of supervised release and original conditions re-imposed. The Defendant will attend and participate in inpatient treatment for a minimum period of thirty (30) days and continue any treatment thereafter as

directed/recommended by the Counselor and an aftercare program as designed by the United States Probation Department. Drug Offender conditions ordered. Defendant is permitted to leave solely for the purposes of work and treatment, all previously approved by the USPO. The Defendant shall participate in the Location Monitoring Program for a term of seven (7) months, which will include remote location monitoring using Active Global Positioning Satellite (GPS) tracking. The Defendant shall abide by the rules and regulations of the Participant Agreement Form. During this time, the Defendant shall remain at the place of residence except for employment and other activities approved in advance by the probation officer. The Defendant shall maintain a telephone at the place of residence without caller ID, call forwarding, call waiting, call back/call block, a modem or a portable cordless telephone for the above period as instructed by the probation officer. At the instruction of the probation officer, the Defendant shall wear a transmitter and be required to carry a tracking device. The Defendant shall pay for the costs of the program if financially able. The Defendant shall be subjected to active Global Positioning System (GPS) monitoring for a term of seven (7) months, which shall be utilized for purposes verifying compliance with any court-imposed condition of supervised release in this case. The Defendant shall pay for the costs of the program if financially able.

## IV.  **WARNINGS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED this 25th day of November 2024.**

**JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**