UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NO:  WA:18-CR-00187(1)-ADA |
| | § | |
| (1) JOHN RUSSELL LIGHTNER | § | |

## ORDER ACCEPTING AMENDED REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the court is the above styled and numbered cause.  On  October 18, 2024 the United States Probation Office filed a Petition For Warrant or Summons For Offender Under Supervision for Defendant (1) JOHN RUSSELL LIGHTNER, which alleged that Lightner violated a condition of his supervised release and recommended that Lightner's supervised release be revoked (Clerk's  Document No. 47).  A warrant issued and Lightner was arrested.  On October 25, 2024, Lightner appeared before a United States Magistrate Judge, was ordered detained, and a revocation of supervised release hearing was set..

Lightner appeared before the magistrate judge on November 5, 2024, waived his right to a preliminary hearing and to be present before the United States District Judge at the time of modification of sentence, and consented to allocution before the magistrate judge.  Following the hearing, the magistrate judge signed his report and recommendation on November 5, 2024. On November 25, 2024, The magistrate judge signed an amended report and recommendation (Clerk's Document No. 64) which

provides that having carefully considered all of the arguments and evidence presented by the Government and Defendant, based on the original offense and the intervening conduct of Lightner, the magistrate judge recommends that this court continue Lightner supervised release. In lieu of incarceration that the Defendant be sentenced to a period of seven (7) months home detention with the continuation of the remaining term of supervised release and original conditions re-imposed. The Defendant will attend and participate in inpatient treatment for a minimum period of thirty (30) days and continue any treatment thereafter as directed/recommended by the Counselor and an aftercare program as designed by the United States Probation Department. Drug Offender conditions ordered. Defendant is permitted to leave solely for the purposes of work and treatment, all previously approved by the USPO. The Defendant shall participate in the Location Monitoring Program for a term of seven (7) months, which will include remote location monitoring using Active Global Positioning Satellite (GPS) tracking. The Defendant shall abide by the rules and regulations of the Participant Agreement Form. During this time, the Defendant shall remain at the place of residence except for employment and other activities approved in advance by the probation officer. The Defendant shall maintain a telephone at the place of residence without caller ID, call forwarding, call waiting, call back/call block, a modem or a portable cordless telephone for the above period as instructed by the probation officer. At the instruction of the probation officer, the Defendant shall wear a transmitter and be required to carry a

tracking device. The Defendant shall pay for the costs of the program if financially able. The Defendant shall be subjected to active Global Positioning System (GPS) monitoring for a term of seven (7) months, which shall be utilized for purposes verifying compliance with any court-imposed condition of supervised release in this case. The Defendant shall pay for the costs of the program if financially able. (Clerk's Document No. 64).

A party may serve and file specific, written objections to the proposed findings and recommendations of a magistrate judge within fourteen days after being served with a copy of the report and recommendation, and thereby secure a *de novo* review by the district court. *See* 28 U.S.C.§ 636(b); Fed. R. Civ. P. 72(b). A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation in a report and recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Auto Ass 'n,* 79 F.3d 1415 (5th Cir. 1996) *(en banc).* The parties in this cause were properly notified of the consequences of a failure to file objections.

On November 5, 2024, following the hearing on the motion to revoke supervised release, all parties signed a Waiver Of Fourteen Day Rule For Filing Objections To Report and Recommendation Of United States Magistrate Judge (Clerk's Document No. 60). The court, having reviewed the entire record and finding no plain error, accepts and adopts the report and recommendation filed in this cause.

**IT IS THEREFORE ORDERED** that the Amended Report and Recommendation of the United States Magistrate Judge filed in this cause (Clerk's Document No. 64 ) is hereby ACCEPTED AND ADOPTED by this court.

**IT IS FURTHER ORDERED** that Defendant (1) JOHN RUSSELL LIGHTNER's term of supervised release is hereby CONTINUED. In lieu of incarceration that the Defendant be sentenced to a period of seven (7) months home detention with the continuation of the remaining term of supervised release and original conditions re-imposed. The Defendant will attend and participate in inpatient treatment for a minimum period of thirty (30) days and continue any treatment thereafter as directed/recommended by the Counselor and an aftercare program as designed by the United States Probation Department. Drug Offender conditions ordered. Defendant is permitted to leave solely for the purposes of work and treatment, all previously approved by the USPO. The Defendant shall participate in the Location Monitoring Program for a term of seven (7) months, which will include remote location monitoring using Active Global Positioning Satellite (GPS) tracking. The Defendant shall abide by the rules and regulations of the Participant Agreement Form. During this time, the Defendant shall remain at the place of residence except for employment and other activities approved in advance by the probation officer. The Defendant shall maintain a telephone at the place of residence without caller ID, call forwarding, call waiting, call back/call block, a modem or a portable cordless telephone for the above period as instructed by the

probation officer. At the instruction of the probation officer, the Defendant shall wear a transmitter and be required to carry a tracking device. The Defendant shall pay for the costs of the program if financially able. The Defendant shall be subjected to active Global Positioning System (GPS) monitoring for a term of seven (7) months, which shall be utilized for purposes verifying compliance with any court-imposed condition of supervised release in this case. The Defendant shall pay for the costs of the program if financially able.

**IT IS FURTHER ORDERED** that all prior conditions of supervised release are reimposed.

Signed this 5th day of December, 2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE